# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH SMITH, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| ROBERT PONZIANO, *Defendant* | : : : | NO. 19-3624 |

PRATTER, J.                                                                                                    NOVEMBER 19, 2019

## MEMORANDUM

Plaintiff Joseph Smith contends that Defendant Robert Ponziano untimely removed this action to federal court. Because Mr. Ponziano filed a notice of removal well after thirty (30) days by which he could have reasonably and intelligently concluded that the action was removable, the Court will grant Mr. Smith's Motion to Remand this action to the Court of Common Pleas of Philadelphia County.

### I.     Background

Mr. Smith brought this legal malpractice action against Mr. Ponziano in the Court of Common Pleas of Philadelphia County. He alleges that due to Mr. Ponziano's inadequate legal representation in connection with a commercial property damage suit against a property insurer, an underlying trial resulted in a $285,094.40 judgment against Mr. Smith. Mr. Smith claims that the subsequent appeal was unsuccessful in large part due to Mr. Ponziano's failure to preserve issues for appeal.

The initial Complaint was filed and served upon Mr. Ponziano on or about May 29, 2019. In the initial Complaint, Mr. Smith raised three counts alleging negligence, breach of contract, and breach of fiduciary duty. In relevant part, Mr. Smith pleaded under his negligence claim:

1

> As a direct and proximate result of the injury sustained by Plaintiff due to Defendant's negligence, Plaintiff sustained actual damages in the amount of $285,094.40, and has suffered and will continue to suffer substantial direct, consequential and incidental damages as a result of the damages award.

Notice of Removal, Ex. B, Compl. at ¶ 32 (Doc. No. 1). As to each of his claims, Mr. Smith pleaded, "WHEREFORE, Plaintiff hereby demands judgment in excess of $50,000, together interest and attorneys' fees." *Id.* at ¶¶ 33, 40, 49.

After Mr. Ponziano preliminarily objected to the Complaint, Mr. Smith filed an amended complaint. The Amended Complaint set forth more specific allegations concerning Mr. Ponziano's alleged malpractice, omitted the initial breach of fiduciary duty claim, and added an additional cause of action under the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) for Mr. Ponziano's alleged failure to disclose his insufficient experience and skill to prosecute an insurance claim. The Amended Complaint concluded the negligence and breach of contract claims with the same "Wherefore" clause language used in the initial Complaint. The Amended Complaint also concluded the UTPCPL claim pleading: "WHEREFORE, Plaintiff respectfully requests the entry of judgment ion [sic] the favor of Plaintiff and against Defendant for statutory damages, all losses alleged, attorney fees and costs." Notice of Removal, Ex. C, Am. Compl. at ¶ 68 (Doc. No. 1)

On August 7, 2019, Mr. Ponziano removed this case to federal court by asserting diversity of citizenship subject matter jurisdiction. In the Notice of Removal, Mr. Ponziano reasoned that the Amended Complaint—with the addition of the UTPCPL claim—sufficiently pleaded damages that could result in a judgment in excess of $75,000, thus satisfying the amount-in-controversy requirement.

Mr. Smith moves to remand this case to state court. Mr. Smith argues that because Mr. Ponziano should have known that he could have removed this case after examining the initial Complaint which he received on or about May 29, 2019, Mr. Ponziano filed an untimely notice of removal on August 7, 2019. The Court agrees.

**II.    Discussion**

A defendant may remove an action brought in state court to the federal district court in the district where the action is pending if the district court would have had original jurisdiction over the removed claim. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing 28 U.S.C. § 1441(a)). The removing party bears the burden of showing that the case is properly before the court at all stages of the litigation. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The removal requirements are strictly construed against removal, and all doubts should be resolved in favor of remand. *Boyer v. Snap-On Tools*, 913 F.2d 108, 111 (3d Cir. 1990).

"Diversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court." *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996). Diversity of citizenship is achieved when the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy is generally decided from the face of the complaint itself. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961)). It is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Id.* at 146 (citations omitted).

Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after service of the initial pleading. 28 U.S.C. § 1446(b)(1). Where it is not apparent from the

3

face of the initial pleading that a case is removable, a notice of removal may be filed within 30 days after the defendant has been served an amended pleading "from which it may first be ascertained that the case is one which is or has become removable." *Id.* at § 1446(b)(3). A case may be remanded for failure to file a notice of removal within the 30-day time period provided by the removal statutes. *See Capone v. Harris Corp.*, 694 F. Supp. 111, 112 (E.D. Pa. 1988); *Blow v. Liberty Travel, Inc.*, 550 F. Supp. 375, 375-76 (E.D. Pa. 1982).

At issue in this case is when the 30-day time period commenced. Mr. Ponziano contends that diversity of citizenship jurisdiction was not apparent until the service of the Amended Complaint. Specifically, Mr. Ponziano argues that the amount-in-controversy requirement had not been sufficiently met until Mr. Smith added his UTPCPL claim in the Amended Complaint. Mr. Smith counters that the amount-in-controversy requirement was already clearly met upon serving the initial Complaint.

"Section 1446(b)'s 'thirty-day period begins to run when a defendant can reasonably and intelligently conclude' that a case is removable." *Santos v. Norfolk S. Ry. Co.*, No. 08-4521, 2008 WL 4694558, at *4 (E.D. Pa. Oct. 22, 2008) (quoting *Carroll v. United Airlines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998)); *see also Naef v. Masonite Corp.*, 923 F. Supp. 1504, 1511-12 (S.D. Ala. 1996) ("[T]he Court must determine at what point Defendants could have intelligently ascertained that the action was removable through reasonable scrutiny of the pleadings and facts of the action as it developed in state court."); *Hampton Paint Mfg. Co. Inc. v. Union Oil Co. of California*, No. 91-104, 1991 WL 274441, at *6 (E.D. Va. Dec. 16, 1991) ("[T]he plain purpose of [Section 1446(b)] is to permit the removal period to begin only after the defendant is able to ascertain intelligently that the requisites of removability are present."). Thus, "the burden of proof is on [the] defendant to assess and ascertain the amount in controversy within the 30-day time limit

4

for removal provided in Section 1446(b)." *Caroll*, 7 F. Supp. 2d at 521 (quoting *Marler v. Amoco Oil Co., Inc.*, 793 F. Supp. 656, 659 (E.D.N.C. 1992) (alteration in original)). "The defendant may be able to ascertain that a case is removable solely from the face of the complaint." *Santos*, 2008 WL 4694558, at *4. However, a pleading need not "allege a specific dollar amount to give notice to the defendant of the existence of Federal jurisdiction." *Carroll*, F. Supp. 2d at 521.

Here, the Court need look only to the face of the initial Complaint to determine that the 30-day time period began when Mr. Ponziano was served the initial Complaint. Mr. Smith pleaded in the initial Complaint that as a result of Mr. Ponziano's negligence, he "sustained actual damages in the amount of $285,094.40," the judgment awarded against Mr. Smith in the underlying property damage trial. Notice of Removal, Ex. B, Compl. at ¶ 32 (Doc. No. 1). An essential element to proving a legal malpractice action under Pennsylvania law is proof of actual loss. *Nat'l Grange Mut. Ins. Co. v. Goldstein, Heslop, Steel, Clapper, Oswalt & Stoehr*, 142 Fed. App'x 117, 120 (3d Cir. 2005) (citing *Kituskie v. Corbman*, 714 A.2d 1027, 1030 (Pa. 1998)). Under Pennsylvania law, "[a]ctual damages will be measured by the amount of the lost judgment" in legal malpractice claims. *Honeywell, Inc. v. Am. Standards Testing Bureau, Inc.*, 851 F.2d 652, 655 (3d Cir. 1988).

Withstanding the generic "Wherefore" clauses included within the initial Complaint, Mr. Ponziano could have reasonably and intelligently concluded from the plain text of the document itself that Mr. Smith—at the very least—sought $285,094.40 in actual damages. Such an amount surpasses the amount-in-controversy requirement necessary to establish diversity of citizenship jurisdiction.[1] Accordingly, the 30-day clock began ticking when the initial Complaint was filed

---

[1] As Mr. Smith's prior counsel, who presumably knew the basic particulars about his client (and knowing his own citizenship), Mr. Ponziano can be presumed to know the states of citizenship for himself and for Mr. Smith.

and served upon Mr. Ponziano on May 29, 2019. Mr. Ponziano's Notice of Removal filed on August 7, 2019 is untimely.

### III. Conclusion

For the foregoing reasons, the Court concludes that Mr. Ponziano's Notice of Removal is untimely, and Mr. Smith's Motion to Remand this action to the Court of Common Pleas of Philadelphia County is granted. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE